Gary MOSHER, Plaintiff–Appellant

v.

Cindy KEANSTER; Douglas Jones;
Juan Gutierrez–Garralda; John
Does, Defendants–Appellees.

No. 10–20492
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 6, 2011.

Gary Mosher, Mendham, NJ, pro se.

Douglas Jones, Lakewood, CO, pro se.

Before KING, DeMOSS, and DENNIS,
Circuit Judges.

PER CURIAM: *

Gary Mosher filed a complaint against
several defendants alleging claims of copy-
right infringement, defamation, and libel.
This court vacated a judgment dismissing
the suit based on Mosher's failure to ap-
pear personally for a scheduling confer-
ence. Following additional proceedings on
remand, the district court dismissed Mosh-
er's complaint because it failed to state a
claim and because Mosher had not served
three of the four named defendants. The
court also denied a motion for recusal.
Mosher moved for reconsideration, which
the court also denied. Mosher then filed a
notice of appeal.

The timing of Mosher's notice of appeal
raises an issue regarding this court's juris-
diction, which we must examine sua
sponte. See Bailey v. Cain, 609 F.3d 763,
765 (5th Cir.2010), cert. denied, —— U.S.
——, 131 S.Ct. 931, 178 L.Ed.2d 774
(2011). In a civil case, the filing of a
timely notice of appeal is a jurisdictional
requirement that is not subject to equita-
ble exceptions. Bowles v. Russell, 551
U.S. 205, 214–15, 127 S.Ct. 2360, 168
L.Ed.2d 96 (2007); Bailey, 609 F.3d at
765. A notice of appeal must be filed
within 30 days of entry of the order or
judgment being appealed. FED. R.APP. P.
4(a)(1)(A). The notice is deemed filed on
the date it is actually received by the
district court and not the date it is mailed.
Ludgood v. Apex Marine Corp. Ship
Mgmt., 311 F.3d 364, 367 (5th Cir.2002).

Mosher's motion for reconsideration sus-
pended the running of the 30–day period
as to the underlying judgment until entry
of the order disposing of his motion. See
FED. R.APP. P. 4(a)(4)(A)(v), (vi). The
court's order denying the motion for re-
consideration was entered on June 15,
2010. Mosher then had 30 days to file his
notice of appeal, or until July 15, 2010.
Mosher's notice of appeal was not filed
until July 19, 2010, four days beyond the
deadline. Thus, it was not timely and we
lack jurisdiction over the appeal. See
Bowles, 551 U.S. at 214–15, 127 S.Ct. 2360;
Matter of Lacey, 114 F.3d 556, 556–57 (5th
Cir.1997).

Finally, we caution Mosher that the abu-
sive and insulting language directed at the
district court and the judiciary is inappro-
priate, and the use of such language in
future filings will result in the imposition
of sanctions.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

DISMISSED FOR LACK OF JURIS-DICTION; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.